HOLLAND & KNIGHT LLP
Vito A. Costanzo, SBN 132754
Kristina S. Azlin, SBN 235238
Stacey H. Wang, SBN 245195
Qian (Sheila) Shen, SBN 332048
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Telephone: 213.896.2400
Fax: 213.896.2450
Email: vito.costanzo@hklaw.com
       kristina.azlin@hklaw.com
       stacey.wang@hklaw.com
       qian.shen@hklaw.com

*Attorneys for Defendant*
PEPPERDINE UNIVERSITY

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| In Re Pepperdine University Tuition and Fees COVID 19 Refund Litigation | Case No.: 2:20-CV-4928-DMG-KS<br>[*Assigned to the Hon. Dolly M. Gee, United States District Judge*]<br><br>**DEFENDANT PEPPERDINE UNIVERSITY'S NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**<br><br>Action Filed: June 3, 2020<br>Trial Date: May 7, 2024 |

PEPPERDINE UNIVERSITY'S NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

CASE NO. 2:20-CV-4928-DMG-KS

Defendant Pepperdine University ("Pepperdine") files this Notice of Supplemental Authority in support of Pepperdine's Opposition to Plaintiffs' Motion for Class Certification. *See* Dkt. No. 101.

In *Hannibal-Fisher v. Grand Canyon University*, Case No. CV-20-01007-PHX-SMB, the United States District Court of Arizona denied the student plaintiffs' motion for class certification. The Court found that plaintiffs' claims for unjust enrichment and money had and received failed the predominance inquiry because plaintiffs failed to put forth a method for calculating class-wide damages, and individual questions would overwhelm the common questions. A true and correct copy of the decision dated September 12, 2023 is attached hereto as Exhibit A.

Dated: September 18, 2023               HOLLAND & KNIGHT LLP


By: _/s/ Vito A. Costanzo_
HOLLAND & KNIGHT LLP
Vito A. Costanzo, SBN 132754
Kristina S. Azlin, SBN 235238
Stacey H. Wang, SBN 245195
Qian (Sheila) Shen, SBN 332048

-2-

PEPPERDINE UNIVERSITY'S NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

CASE NO. 2:20-CV-4928-DMG-KS

# EXHIBIT A

Case 2:20-cv-04928-DMG-KS Document 113 Filed 09/18/23 Page 4 of 12 Page ID #:11597

Hannibal-Fisher v. Grand Canyon Univ. (D. Ariz. 2023)

1

**Seth Hannibal-Fisher, et al., Plaintiffs,**
**v.**
**Grand Canyon University, Defendant.**

**No. CV-20-01007-PHX-SMB**

**United States District Court, D. Arizona**

**September 12, 2023**

**ORDER**

Honorable Susan M. Brnovich, United States District Judge.

Pending before the Court is Plaintiffs' Motion for Class Certification and Appointment of Class Counsel. (Doc. 81.) Defendant Grand Canyon University ("GCU") filed a Response (Doc. 84), and Plaintiff's filed a Reply (Doc. 85). After considering the pleadings and applicable law, the Court will now deny Plaintiffs' Motion.

**I. Background**

On May 22, 2020, Plaintiff filed a class action complaint (the "Complaint") against GCU alleging that the university failed to provide proper refunds of on-campus tuition, fees, and room and board costs after GCU cancelled in-person courses in response to the COVID-19 pandemic. (*See generally* Doc. 17.) Plaintiffs' Complaint sought to represent "all people who paid GCU on-campus tuition, room and board costs, and/or fees for inperson educational services and facilities that GCU failed to provide during the Spring Term, and whose tuition, costs, and/or fees have not been refunded." (*Id.* at 12 ¶ 55.) The Complaint brought claims for breach of contract, unjust enrichment, conversion, money had and received, and accounting. (*Id.* at 15-22 ¶¶ 64-105.) The basic factual allegations are as follows.[1]

Defendant GCU is a private university with its main campus in Phoenix, Arizona. (Doc. 17 at 7 ¶ 22.) During the Spring 2020 semester, Plaintiffs Hannibal-Fisher and Tran were undergraduate students at GCU enrolled in on-campus degree programs. For the Spring 2020 semester, on-campus tuition was $687.50 per credit, while online tuition ranged from $395 to $449 per credit. (*Id.* at 8 ¶ 29.) Plaintiffs were also charged various fees for the Spring 2020 term. (*Id.* ¶ 30.)

In March 2020, in response to the COVID-19 pandemic, GCU instructed students to leave campus and begin attending classes remotely. (*Id.* at 9 ¶ 34.) On March 12, 2020, GCU announced that as of March 23, 2020, all but a few in-person classes would be moved to an online-only format for its on-campus students through the end of the Spring 2020 term. (*Id.* ¶ 35.) Plaintiffs allege that the online classes offered by GCU were subpar in practically every respect compared to on-campus in-person classes. (*Id.* at 11-12 ¶ 49.) GCU also cancelled campus events and closed on-campus facilities. (*Id.* at 9 ¶¶ 35-37.) Throughout March 2020, GCU repeatedly encouraged students to return to their homes to finish the semester through online classes and asked students that had left campus to refrain from returning. (*Id.* at 9-10 ¶¶ 39-40.)

In the First Amended Complaint ("FAC"), Plaintiffs allege that they entered into a contractual agreement with GCU "where Plaintiffs would provide payment in the form of tuition and fees and [GCU], in exchange, would provide in-person educational services, experiences, opportunities, and other related services." (*Id.* at 2 ¶ 3.) Plaintiffs allege that the terms of the contract were set forth in publications from GCU that contained multiple references to in-person instructions. (*Id.* at 3 ¶¶5-9.)

2



Case 2:20-cv-04928-DMG-KS   Document 113   Filed 09/18/23   Page 5 of 12   Page ID #:11598

Hannibal-Fisher v. Grand Canyon Univ. (D. Ariz. 2023)

In sum, Plaintiffs allege that GCU "did not deliver the educational services, facilities, access, experiences, and/or opportunities that Plaintiffs and the putative class contracted and paid for" and therefore breached the contract. (*Id.* at 5 ¶ 14.) Plaintiffs allege that they are entitled to a refund of all tuition and fees for services, facilities, equipment, access, and/or opportunities that GCU did not provide during the Spring 2020 term.

On March 5, 2021, the Court ruled on GCU's Motion to Dismiss Plaintiff's First Amended Complaint. (Doc. 42.) The Court permitted Plaintiffs' breach of contract claim for housing costs and fees, unjust enrichment, and money had and received claims to proceed. (*Id.* at 16.) However, the Court dismissed the breach of contract claim for tuition along with Plaintiffs' conversion and account claims. (*Id.* at 16-17.) The breach of contract claim for housing costs and fees has already been certified as part of the *Little* litigation. *See Little v. Grand Canyon Univ.*, No. CV-20-00795-PHX-SMB, 2022 WL 266726 (D. Ariz. Jan. 28, 2022). Plaintiffs have since conceded they are not proceeding on those claims. Here, the Court is only analyzing the certification of the remaining unjust enrichment claim and money had and received claim regarding tuition costs. Due to the Court's ruling on Defendant's Motion to Dismiss First Amended Complaint (Doc. 42), Plaintiffs now seek certification of the following amended class: "All Grand Canyon University students who paid on-campus tuition during the Spring 2020 semester and whose tuition has not been refunded." (Doc. 81 at 2.)

### II. Legal Standard

Class actions are governed by Federal Rule of Civil Procedure 23, which provides as follows:

**(a) Prerequisites.** One or more members of a class may sue or be sued as representative parties on behalf of all members only if:

(1) the class is so numerous that joinder of all members is impracticable;

(2) there are questions of law or fact common to the class;

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

(4) the representative parties will fairly and adequately protect the interests of the class.

**(b) Types of Class Actions.** A class action may be maintained if Rule 23(a) is satisfied and if:

(1) prosecuting separate actions by or against individual class members would create a risk of:

(A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or

(B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede

Case 2:20-cv-04928-DMG-KS Document 113 Filed 09/18/23 Page 6 of 12 Page ID #:11599

Hannibal-Fisher v. Grand Canyon Univ. (D. Ariz. 2023)

their ability to protect their interests;

(2) the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole; or

(3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include:

(A) the class members' interests in individually controlling the prosecution or defense of separate actions;

(B) the extent and nature of any litigation concerning the controversy already begun by or against class members;

(C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and

(D) the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(a)-(b). Plaintiffs seeking class certification must show that they have met the requirements of the four subsections in Rule 23(a) and at least one subsection of Rule 23(b). *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 979-80 (9th Cir. 2011) (citing *Zinser v. AccufxRsch. Inst., Inc.*, 253 F.3d 1180, 1186 (9th Cir. 2001)). When considering class certification, courts must engage in "a rigorous analysis." *Id.* at 350-51 (quoting *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 161 (1982)). Overall, district courts retain broad discretion to certify a class, so long as the discretion is exercised within the framework of Rule 23. *Zinser*, 253 F.3d at 1186.

The party seeking class certification carries the burden of proving the facts necessary to establish that the prerequisites for certification are met by a preponderance of the evidence. *Olean Wholesale Grocery Coop., Inc., v. Bumble Bee Foods LLC*, 31 F.4th 651, 665 (9th Cir. 2022). "Failure to meet any one of the requirements set forth in Rule 23

5

precludes class certification." *Miller v. Am. Standard Ins. Co. of Wis.*, 759 F.Supp.2d 1144, 1146 (D. Ariz. 2010).

**III. DISCUSSION**

**A. Standing**

GCU first argues that Plaintiffs lack standing to bring the proposed class claims because students that paid on-campus tuition "could choose to take classes in person or 'virtual classes' online or a mix of some in-person classes and some virtual classes." (Doc. 84 at 5-6.) Therefore, students could have paid on-campus tuition and enrolled in exclusively virtual classes that then continued as virtual classes. (*See id.* at 6.) GCU claims that students in this situation lack Article III standing. (*See id.* at 5-6.) Plaintiffs counter that on-campus tuition is "paid in exchange for 'a traditional campus environment'" and that affected students "lost access to courses in the traditional campus format for which they paid on-campus tuition rates that were higher than online tuition rates." (Doc. 85 at 3.)



-3-

Case 2:20-cv-04928-DMG-KS   Document 113   Filed 09/18/23   Page 7 of 12   Page ID #:11600

Hannibal-Fisher v. Grand Canyon Univ. (D. Ariz. 2023)

The Court rejects GCU's argument that some members of the class lack standing if they originally signed up entirely for online courses during the Spring 2020 term. Regardless of the method of instruction for the courses they selected, these putative class members paid full on-campus tuition in exchange for the option of a traditional campus environment. These students suffered the same type of harm as students who were taking all in-person courses-they were unable to take advantage of the services, facilities, and amenities that they rightly paid for. Regardless of whether these students used the facilities, GCU failed to offer facilities or services due to COVID-19 related closures. The putative class numbers are entitled to have what they paid for, regardless of whether they chose to take any in-person courses or use any on-campus facilities or services. Accordingly, students not affected by the lack of change in instruction are still considered injured by the alleged breach of contract. As such, these students have Article III standing.

**B. Scope of the Class**

The scope of the proposed class also acts as a threshold inquiry to class certification.

6

Here, Plaintiff has put forth an amended class. (Doc. 81 at 2.) Some district courts in the Ninth Circuit have rejected attempts to amend a class definition at the certification stage without a plaintiff requesting leave to amend their complaint. *See, e.g.*, *Gusman v. Comcast Corp.*, 298 F.R.D. 592, 597 (S.D. Cal. 2014) ("[T]he Court is bound by the class definition provided in the Complaint."); *see also Costelo v. Chertoff,* 258 F.R.D. 600, 604605 (C.D. Cal. 2009) ("The Court is bound to class definitions provided in the complaint and, absent an amended complaint, will not consider certification beyond it."). However, other courts in the Ninth Circuit take a more nuanced approach. These courts entertain certification of a class other than that described in the complaint if the proposed modifications to the class definition are minor, require no additional discovery, and cause no prejudice to defendants. *See Davis v. AT&T Corp.*, No. 15CV2342-DMS (DHB), 2017 WL 1155350, at *2 (S.D. Cal. Mar. 28, 2017). Additionally, some courts will allow more than minor modifications to a class definition "if it is narrower than the class alleged in the complaint." *Id.*; *see Gold v. Lumber Liquidators Inc.*, No. 14-CV-05373-THE, 2017 WL 2688077, at *3-4 (N.D. Cal. June 22, 2017).

Initially, Plaintiffs had proposed the following class: "All people who paid GCU on-campus tuition, room and board costs, and/or fees for in-person educational services and facilities that GCU failed to provide during the Spring Term, and whose tuition, costs, and/or fees have not been refunded." (Doc. 17 at 12.) Plaintiffs now seek to narrow this definition and certify the following class: "All Grand Canyon University students who paid on-campus tuition during the Spring 2020 semester and whose tuition has not been refunded." (Doc. 81 at 2.) GCU reiterates its argument that even this narrower class lacks standing. (Doc. 84 at 5-6.) The Court disposed of this argument above.

Here, Plaintiffs' proposed change to the class definition is minor, will not require additional discovery, and will not prejudice GCU. The proposed definition is also narrower than the original. (*See* Doc. 42.) As such, the Court finds that the scope of the class is appropriate.

7

**C. Definite and Ascertainable**

Rule 23 contains a threshold requirement that the class be adequately definite and ascertainable. *Gustafson v. Goodman Mfg. Co.*, No. CV-13-08274-PCT-JAT, 2016 WL 1029333, at *6 (D. Ariz. Mar.



-4-

Case 2:20-cv-04928-DMG-KS   Document 113   Filed 09/18/23   Page 8 of 12   Page ID #:11601

Hannibal-Fisher v. Grand Canyon Univ. (D. Ariz. 2023)

14, 2016). Here, the Court finds that the class is definite and ascertainable. GCU's financial records will show precisely which students paid on-campus tuition. Therefore, the class members can be easily ascertained, and this threshold requirement of Rule 23 is satisfied.

**D. Rule 23(a) Requirements**

**1. Numerosity**

Rule 23 requires that the class be so numerous that joinder is impracticable. Fed.R.Civ.P. 23(a)(1). A proposed class of at least forty members presumptively satisfies the numerosity requirement. *Mix v. Asurion Servs. Inc..*, No. CV-14-02357-PHX-GMS, 2016 WL 7229140, at *8 (D. Ariz. Dec. 14, 2016); *see also USAA Cas. Ins. Co.*, 266 F.R.D. 360, 365 (D. Ariz. 2009). Here, Plaintiffs have proposed a class with at least 20,000 members. (*See* Doc. 81 at 6-7). Accordingly, the Court finds the numerosity requirement satisfied.

**2. Commonality**

Rule 23 next requires that there be questions of law or fact common to the class. Fed.R.Civ.P. 23(a)(2). This analysis requires a plaintiff to demonstrate that class members have suffered the same injury. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349-50 (2011). The common contention "must be of such a nature that it is capable of classwide resolution-which means that determination of its truth or falsity will resolve an issue that is central to the validity of each of the claims in one stroke." *Id.* at 350. A plaintiff need only present "a single common question of law or fact that resolves a central issue." *Castillo v. Bank of Am., NA*, 980 F.3d 723, 728 (9th Cir. 2020). Satisfying this requirement is a "'relatively light burden' that 'does not require that all the questions of law and fact raised by the dispute be common . . . or that the common questions of law or fact predominate over individual issues.'" *Esparza v. SmartPay Leasing, Inc.*, No. C 1703421 WHA, 2019 WL 2372447, at *2 (N.D. Cal. June 6, 2019)

8

(quoting *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1268 (11th Cir. 2009)).

Here, the putative class members allege a common injury that may be proven through the introduction of common proof. This alleged injury was uniformly experienced by all members of the class at the same time and manner, thereby raising a common issue.

GCU's argument that some students may have initially signed up for virtual courses does not preclude a finding of commonality. Regardless of the type of classes these students ultimately selected, they paid the on-campus price tag. Therefore, the alleged injury is sufficiently common to the class. Accordingly, the Court finds that Plaintiffs have satisfied the requirement for commonality.

**3. Typicality**

Rule 23 also requires that the claims or defenses of the representative parties are "typical of the claims or defenses of the class." Fed.R.Civ.P. 23(a)(3). This requirement focuses on the class representative's claim to ensure that the interest of the class representative "aligns with the interests of the class." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992). Representative claims need to be reasonably coextensive with those of absent class members. *Parsons v. Ryan*, 754 F.3d 657, 685 (9th Cir. 2014). Courts must determine "whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Hanon*, 976 F.2d at 508 (quoting *Schwartz v. Harp*, 108 F.R.D. 279, 287 (C.D. Cal. 1985)). Lastly, this requirement "is not primarily



concerned with whether each person in a proposed class suffers the same type of damages; rather, it is sufficient for typicality if the plaintiff endured a course of conduct directed against the class." *Just Film Inc. v. Buono*, 847 F.3d 1108, 1118 (9th Cir. 2017).

Plaintiffs argue typicality is satisfied because the injury suffered stems from GCU's conduct that caused injury to the rest of the class. (Doc. 81 at 9.) GCU argues that Plaintiffs cannot meet this requirement because the claims show dissimilarity between putative class members. (Doc. 84 at 10.) Here, Plaintiffs' injury is based on the same conduct suffered

9

by the rest of the class. Moreover, the fact that some students may have elected to take some or all courses online is irrelevant to typicality. Much of GCU's argument echoes their standing argument that the Court disposed of above. More importantly, however, Plaintiffs endured a course of conduct directed against the class. And GCU's alleged actions impacted the entire class. Even if the damages of some members differ from others, typicality is not defeated. *See Just Film, Inc.*, 847 F.3d at 1118. Accordingly, Plaintiffs have satisfied the typicality requirement.

### 4. Adequacy

The final requirement of Rule 23(a) is that the class representative "will fairly and adequately represent the interests of the class." Fed.R.Civ.P. 23(a)(4). "Adequacy of representation is satisfied if the named representatives appear 'able to prosecute the action vigorously through qualified counsel' and if the representatives have no 'antagonistic or conflicting interests with the unnamed members of the class.'" *Winkler v. DET, Inc.*, 205 F.R.D. 235, 242 (D. Ariz. 2001) (quoting *Lerwill v. Inflight Motion Pictures, Inc.*, 582 F.2d 507, 512 (9th Cir. 1978)).

Plaintiffs assert that they can fairly and adequately represent the interests of the class. Additionally, Plaintiffs avow that they have no conflicts of interest with unnamed class members and have qualified counsel. (Doc. 81 at 10.) GCU alleges several deficiencies with the adequacy of proposed class counsel. (Doc. 84 at 17.) However, these alleged past deficiencies do not overcome the required level of adequacy of the proposed counsel. Thus, the Court finds that Plaintiffs have satisfied Rule 23(a)(4) and will adequately represent the class.

Given the above analysis, Plaintiffs have satisfied the requirements of Rule 23(a).

### E. Rule 23(b)

Having determined that Plaintiffs have satisfied the requirements of Rule 23(a), the Court now pivots to analyze whether Plaintiffs have satisfied at least one subsection of Rule 23(b). *See Zinser*, 253 F.3d at 1186. The Court finds that Plaintiffs have not satisfied their selected subsection of Rule 23(b).

10

Plaintiffs rely on Rule 23(b)(3). This subsection requires that "the questions of law or fact common to the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed.R.Civ.P. 23(b)(3). Both predominance and superiority must be shown for certification.

A finding of predominance requires more than a finding of mere commonality and is more demanding that Rule 23(a)(2)'s commonality requirement. *Comcast Corp. v. Behrend*, 569 U.S. 27, 34 (2013). However, "[w]hen common questions present a significant aspect of the case and they can be resolved for all members of the class in a single adjudication, there is clear justification



-6-

Case 2:20-cv-04928-DMG-KS   Document 113   Filed 09/18/23   Page 10 of 12   Page ID #:11603

Hannibal-Fisher v. Grand Canyon Univ. (D. Ariz. 2023)

for handling the dispute on a representative rather than on an individual basis." *Vega v. All My Sons Bus. Dev.*, 583 F.Supp.3d 1244, 1263 (D. Ariz. 2022) (quoting *LaCross v. Knight Transp. Inc.*, No. CV-15-00990-PHX-JJT, 2022 WL 101196, at *4 (D. Ariz. Jan. 11, 2022)). "[C]ourts have a duty to take a close look at whether common questions predominate over individual ones to ensure that individual questions do not overwhelm questions common to the class." *Senne v. Kansas City Royals Baseball Corp.*, 934 F.3d 918, 927 (9th Cir. 2019) (quotations omitted).

In determining superiority, courts must consider the four factors of Rule 23(b)(3), which focus on the efficiency and economy concerns of class actions. The factors are:

> (A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) and the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b)(3); *see also LaCross*, 2022 WL 101196, at *6.

**1. Predominance**

Plaintiffs argue that the common issues clearly predominate over any individual issues and that the calculation of damages will not overwhelm questions common to the class. (Doc. 81 at 12-13.) GCU counters that that individual issues predominate for both remaining claims and that unjust enrichment claims are generally unsuitable for class certification. (*Id.*)

The Court finds that both claims fail the predominance inquiry. To prevail on a claim of unjust enrichment under Arizona law, a Plaintiff must prove: "(1) an enrichment, (2) an impoverishment, (3) a connection between the enrichment and impoverishment, (4) the absence of justification for the enrichment and impoverishment, and (5) the absence of a remedy provided by law." *Perez v. First Am. Title Ins. Co.*, 810 F.Supp.2d 986, 991 (D. Ariz. 2011) (quoting *Freeman v. Sorchych*, 245 P.3d 927, 936 (Ariz.Ct.App. 2011)). Because the circumstances of a particular case must necessarily be examined before a court can grant relief on such an equitable claim, courts have found unjust enrichment claims inappropriate for class treatment. *See T-Mobile USA, Inc.*, 564 F.3d at 1274 ("[C]ommon questions will rarely, if ever, predominate an unjust enrichment claim, the resolution of which turns on individualized facts."); *see also Collinge v. IntelliQuick Delivery, Inc.*, No. 2:12-CV-00824 JWS, 2015 WL 129444, at *14 (D. Ariz. Mar. 23, 2015) (finding that unjust enrichment claims "are inherently unsuitable for class certification").

To counter this general rule, Plaintiffs cite to *Perez v. First Am. Title Ins. Co.*, No. CV-08-1184-PHX-DGC, 2009, 2009 WL 2486003 (D. Ariz. Aug. 12, 2009). However, this case is factually distinguishable. The *Perez* court dealt with an insurance company that allegedly charged more than their published rates. *Id.* at *6. Here, there is no claim that GCU charged Plaintiffs more than their published tuition rates. Rather, the claim concerns individual students that did not receive the benefits they expected when they paid on-campus tuition and GCU's failure to refund their money in any way. This distinction shows the level to which these claims will turn on the individual facts of each student. Plaintiffs' citation to *Salt River Pima-Maricopa Indian Cmty. v. United States*, 266 F.R.D. 375 (D. Ariz. 2010) is equally unavailing. In that case, the court did



Case 2:20-cv-04928-DMG-KS   Document 113   Filed 09/18/23   Page 11 of 12   Page ID #:11604

Hannibal-Fisher v. Grand Canyon Univ. (D. Ariz. 2023)

not separately discuss the applicability of the unjust enrichment in its predomination analysis. *Id.* at 379. The citation points to a result rather than any analysis from which the Court can draw a parallel.

The Court agrees with other courts that have refused to certify a class for unjust enrichment claims. Common questions simply will not predominate these unique,

12

individual claims. Moreover, Plaintiffs have failed to provide an expert to show that damages can be determined on a classwide basis. While individual differences in damages calculations is not dispositive for the predominance factor, the Court is not convinced that they can be accounted for on a classwide basis given the lack of evidence to show otherwise. These damages will therefore need to be calculated individually for each student. This task is only made more complex by the fact that GCU distributed CARES Act funds to students that met certain criteria to assist with their costs, scholarships were awarded to some students, and some students enrolled in online classes before the COVID-19 related changes.

Additionally, under Arizona law, "unjust enrichment is a 'flexible equitable remedy which is available whenever the court finds that the defendant . . . is obliged by the ties of natural justice and equity to make compensation for the benefits received.'" *Isofoton, S.A. v. Giremberk*, No. CV-04-0798-PHX-ROS, 2006 WL 1516026, at *3 (D. Ariz. May 30, 2006) (quoting *Arnold & Assocs., Inc. v. Misys Healthcare Systems*, 275 F.Supp.2d 1013, 1024 (D. Ariz. 2003)) (internal quotation marks omitted). The analysis requires some evaluation of the parties' expectations. And, as Plaintiffs' note, Arizona courts have held that restitution for unjust enrichment should take into account the plaintiff's expectations and the circumstances which make it unjust to allow a defendant to retain the benefits. *See, e.g., Pyeatte v. Pyeatte*, 661 P.2d 196, 207 (Ariz.Ct.App. 1982). This requires some consideration of what each Plaintiff expected and the circumstances of each Plaintiffs experience with online versus in person classes. Plaintiffs may have had different understandings of what they were paying for by choosing in person status. *See T-Mobile USA, Inc.*, 564 F.3d at 1274-75 (denying class certification on an unjust enrichment claim where the particular circumstances of each individual case was required to determine if inequity resulted). Overall, the highly individual nature of each claim ensures that the individual concerns will overwhelm the common questions. Accordingly, the Court finds that Plaintiffs have not met the predominance requirement for their unjust enrichment claim.

13

For the same reasons, the money had and received claim fails the predominance requirement. Money had and received is an equitable claim and requires a showing that "the defendant has received or obtained possession of money of the plaintiff which in equity and good conscience he ought to pay over to the plaintiff." *Copper Belle Mining Co. of W.Va. v. Gleeson*, 14 Ariz. 548, 551 (1913); *Dream Team Holdings LLC v. Alarcon*, No. CV-16-01420-PHX-DLR, 2017 WL 3460806, at *3 (D. Ariz. Aug. 11, 2017). The action is similar to an action for unjust enrichment because it requires "'that the defendant received a benefit, that by receipt of that benefit the defendant was unjustly enriched at the plaintiff's expense, and that the circumstances were such that in good conscience the defendant should provide compensation.'" *Dream Team*, 2017 WL 3460806, at *3 (quoting *Freeman*, 245 P.3d at 936).

Much like the unjust enrichment claim, the money had and received claim will require a per-plaintiff analysis. The claim concerns

-8-



Case 2:20-cv-04928-DMG-KS Document 113 Filed 09/18/23 Page 12 of 12 Page ID #:11605

Hannibal-Fisher v. Grand Canyon Univ. (D. Ariz. 2023)

individual students that each paid differing amounts of tuition to GC U.Similarly, precise damages will need to be calculated individually and an analysis of each individual plaintiff's circumstance will have to be conducted, thereby making the claims unsuitable to class certification. Each of these claims will turn on individual facts that would overwhelm questions common to the putative class. Accordingly, the predominance element is also not met for the money had and received claim.

The Court finds that because both claims fail the predominance inquiry of Rule 23(b)(3), the class cannot be certified.

### 2. Superiority

Because the Court finds that Plaintiffs' claims fail the predominance inquiry, the superiority analysis is not required.

### V. CONCLUSION

Accordingly,

14

**IT IS ORDERED** denying Plaintiffs' Motion for Class Certification and Appointment of Class Counsel (Doc. 81).

---------

Notes:

[1] For a more robust recitation of the factual allegations, please refer to the Court's order granting in part and denying in part Defendant's Motion to Dismiss Plaintiffs' First Amended Complaint. (*See generally* Doc. 42.)

---------



-9-